

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-8-2006

# In Re: Bronson

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1964

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"In Re: Bronson " (2006). *2006 Decisions.* Paper 1143.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1143

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-1964
_____

IN RE: PURCELL BRONSON,
Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to Civ. No. 05-cv-00514)
_____

Submitted Under Rule 21, Fed. R. App. P.
April 21, 2006

Before: SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges

Filed:   May 8, 2006
_____

OPINION
_____

PER CURIAM.

Pro se petitioner Purcell Bronson seeks a writ of mandamus to compel the

United States District Court for the Middle District of Pennsylvania to reach an

immediate decision on the motions to dismiss his complaint filed by defendants in August

2005.

Bronson filed a civil rights complaint against three medical professionals at

the State Correctional Institution at Camp Hill ("medical defendants") on March 14, 2005. He then filed an amended complaint alleging claims against three additional defendants employed by the Pennsylvania Department of Corrections ("corrections defendants") on May 2, 2005. On August 3, 2005, the medical defendants filed a motion to dismiss the amended complaint. The corrections defendants followed suit on August 16, 2005. Bronson did not file an opposition to either of these motions until November 4, 2005. Bronson then filed a declaration and supplemental arguments in support of his opposition brief on December 2, 2005. Thus, contrary to allegations made by Bronson in his petition for a writ of mandamus, the motions to dismiss have been ripe for adjudication since December, not August, 2005.

The remedy of mandamus is reserved for the most extraordinary of circumstances. DeMasi v. Weiss, 669 F.2d 114, 117 (3d Cir. 1982). In order to ensure that mandamus is sparingly granted, a petitioner seeking a writ of mandamus must demonstrate that no other adequate means are available to obtain the desired relief and that the right to issuance of the writ is "clear and indisputable." Allied Chem. Corp. v. Daifon, Inc., 449 U.S. 33, 35 (1980) (quoting Bankers Life & Cas. Co. v. Holland, 346 U.S. 379, 384 (1953) (quoting United States v. Duell, 172 U.S. 576, 582 (1899))). Here, petitioner seeks an order directing the District Court to rule immediately on defendants' motions to dismiss. Petitioner has not demonstrated that his right to such a ruling is "clear and indisputable."

As we have previously held, the management of its docket is committed to

2

the sound discretion of the district court.  <u>In re Fine Paper Antitrust Litig.</u>, 685 F.2d 810, 817 (3d Cir. 1982).  When a matter is discretionary, it cannot typically be said that a litigant's right is "clear and indisputable."  <u>Allied Chem. Corp.</u>, 449 U.S. at 35-36.  Nonetheless, we have held that a writ of mandamus may be warranted where undue delay is tantamount to a failure to exercise jurisdiction.  <u>Madden v. Myers</u>, 102 F.3d 74, 79 (3d Cir. 1996).

Petitioner has not demonstrated undue delay in this case.  While defendants' motions to dismiss have been pending since December, the District Court has acted expeditiously on the various motions filed by Petitioner, has set a schedule for discovery and for the filing of dispositive motions, and has responded in a timely manner to frequent inquiries from Petitioner regarding the status of the case.  We trust that the District Court will continue to respond to the parties' filings in an expeditious manner.  The petition for a writ of mandamus is therefore denied.